Gaston, Judge.
 

 — We find no error in the instructions complained of, to warrant the reversal of this judgment. There was no evidence from which a jury could presume a legal conveyance of the slave from Hill to his son-in-law. To hold otherwise, would be an evasion of the rule of law distinctly laid down in the Act of 1806,
 
 (Rev. ch.
 
 701,) that has prescribed certain
 
 forms
 
 as indispensable in the transfer of slaves without consideration,
 
 “No gift
 
 of a slave shall be good or available in law or equity, unless made in writing; signed by the donor; attested by at least one credible subscribing witness; proven or acknowledged as a conveyance of land, and, registered in the office of the Public Register.” Previously to this act, when a slave was put into the possession of a son-in-law by his wife’s father, and no more appeared, it was the presumption of law that the act was done gratuitously. The statute has not altered this presumption, but it pronounces that
 
 no title
 
 passes thereby. Necessarily then, the slave is held upon a bailment, revocable at any
 
 moment by the
 
 bailor; and no length of possession, under such a bailment, can make the slave the property of the bailee.
 

 On the question of fraud, the Judge properly instructed the jury, that the deed in trust made by Haynes, was not evidence of fraud in Hill, unless the knowledge of it was brought home to him. Haynes’ long enjoyment of the slave, may indeed have deceived his creditors and sureties into the belief that it was his property. Every day brings to our notice instances of great hardship and inconvenience resulting from the operation of this statute. But the legislature must be presumed to have forseen these, and to have considered them as lighter evils than the frauds which the statute was designed to prevent. It is our duty to carry out the enactments, and we have no right to judge of their policy. It would be a manifest departure from the province of judicial interpretation, to treat as a fraud what the law sanctions. Without any evidence, therefore,
 
 *339
 
 showing a concurrence of Hill in the unwarrantable use of the thing bailed, no Court or jury can have a right to call the bailment fraudulent, or deny to it any of its legal properties.
 

 It is perfectly clear, that the instruction of the Judge was right on the question of the statute of limitations. The possession of the bailee cannot be adverse, until the bailment has been determined; and the alienee under the deed of trust did not take possession three years before this suit was brought.
 

 Per Ctjriam. Judgment affirmed.